UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH EVERARD on behalf of
himself and on behalf of all others
similarly situated,

    Plaintiff,

v.                          CASE NO. :

CHECKMATE RECOVERY
SERVICE LLC; CHRISTOPHER
SCRIVANO, an individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH EVERARD ("Plaintiff"), on behalf of himself and on behalf of all others similarly situated, by and through undersigned counsel, brings this action against Defendants, CHECKMATE RECOVERY SERVICE LLC ("Defendant Checkmate") and CHIRSTOPHER SCRIVANO ("Defendant Scrivano") (referred to collectively as "Defendants"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for failure to pay overtime wages under 29 U.S.C. § 215(a)(3) and the Internal Revenue Code, 26 U.S.C. §

7434. This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pinellas County, Florida.

## PARTIES

4. Plaintiff is a resident of Pinellas County, Florida.

5. Defendants operate a roadside assistance business in Pinellas County, Florida.

6. Defendant Scrivano is the owner of Defendant Checkmate.

7. The INTERNAL REVENUE SERVICE ("IRS") will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## GENERAL ALLEGATIONS

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

11. At all times material hereto, Named Plaintiff was employed by Defendants as a Roadside Service Technician.

12. The putative class of similarly situated employees consists of all other Roadside Service Technicians employed by Defendants within the last three years. These similarly situated persons will be referred to as "Members of the Class" or "the Class."

13. At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

14. At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendants within the meaning of the FLSA.

15. At all times material hereto, Defendant Checkmate was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

16. Defendant Checkmate continues to be an "employer" within the meaning of the FLSA.

17. At all times material hereto, Defendant Checkmate was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

18. At all times relevant to this action, Defendants engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

19. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

20. At all times material hereto, the work performed by Plaintiff and Members of the Class was directly essential to the business performed by Defendants.

21. Defendant Scrivano supervised Plaintiff and exercised control over the wages, hours, and working conditions of Plaintiff. Defendant Scrivano controlled the payroll practices of Defendant Checkmate.

22. Through the exercise of dominion and control over all employee-related matters at Defendant Checkmate, Defendant Scrivano, in his individual capacity, is also an "employer" within the meaning of the FLSA.

## **FACTS**

23. Plaintiff worked for Defendants from November 2020 to June 15, 2021 as a Roadside Service Technician.

24. Plaintiff received payments from Defendant Checkmate and several other related entities throughout his tenure.

25. Plaintiff was not employed by Defendants in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendants; he had no special or professional qualifications and skills for the use of which he was employed by Defendants; and he had no control whatsoever over Defendants' business operations, even from an administrative standpoint.

26. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

27. At various times material hereto, Plaintiff and the Class worked for Defendants in excess of forty (40) hours within a work week.

28. By way of example, Plaintiff regularly worked seventy-two (72) hours per week.

29. As a non-FLSA exempt employees, Plaintiff and the Class were entitled to be compensated for all of the overtime hours that they worked at a rate equal to one and one-half times their regular hourly rate.

30. Rather, Defendants paid Plaintiff a weekly salary of Nine Hundred Dollars ($900) per week, regardless of how many hours he worked.

31. Defendants failed to pay Plaintiff and the Class an overtime premium for all of the overtime hours that they worked, in violation of the FLSA.

32. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

33. Defendants paid Plaintiff without deducting any applicable taxes, for the purpose of intentionally avoiding their IRS obligations.

34. In particular, Defendants failed to provide Plaintiff with IRS Forms W-2 for tax years 2020 and 2021.

35. For these same tax years, 2020 and 2021, Defendants paid Plaintiff by check without deducting any applicable taxes, for the purpose of intentionally avoiding their IRS obligations.

36. Defendants knew or should have known that they had a legal duty to withhold taxes from Plaintiff's earnings and to provide Plaintiff with IRS Forms W-2 for each tax year during which Plaintiff worked.

37. Plaintiff and the Class were misclassified as independent contractors by Defendants.

38. Defendants exercised the requisite control over their job duties so as to make them employees rather than independent contractors.

39. By way of example, Defendants controlled Plaintiff's schedule, had him train their new hires, and would punish him if he were to decline an assignment or miss a day of work.

40. Defendants' actions were willful, and showed reckless disregard for the provisions of the Internal Revenue Code.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of Roadside Service Technicians whom Defendants failed to compensate for all overtime hours worked in accordance with the FLSA.

42. Therefore, Notice is properly sent to: "All Roadside Service Technicians whom Defendants failed to compensate for all of the overtime hours that they worked from August 2018 to the present."

43. The total number and identities of the Class members may be determined from the records of Defendants, and the Class may easily and quickly be notified of the pendency of this action.

44. Plaintiff is similar to the Class because he and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

45. Plaintiff's experience with Defendants' payroll practices is typical of the experiences of the Class.

46. Defendants' failure to pay all overtime wages due at the rates required by the personal circumstances of the named Plaintiff or of the Class is common to the Class.

47. Overall, Plaintiff's experience as a Roadside Service Technician who worked for Defendants is typical of that of the Class.

48. Specific job titles or job duties of the Class do not prevent collective treatment.

49. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendants' liability under the FLSA in this case.

## **COUNT I – FLSA OVERTIME VIOLATION**

50. Plaintiff realleges and readopts the allegations of paragraphs 1 through 49 of this Complaint, as though fully set forth herein. Plaintiff brings this action on behalf of himself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

51. During the statutory period, Plaintiff and the Class worked overtime hours while employed by Defendants, and they were not properly compensated for all of these hours under the FLSA.

52. Defendants failed to compensate Plaintiff and the Class for all of the overtime hours that Plaintiff and the Class worked.

53. The Members of the Class are similarly situated because they were all employed as Roadside Service Technicians by Defendants, were compensated in the same manner, and were all subject to Defendants' common policy and practice of failing to pay their Roadside Service Technicians for all of the overtime hours that they worked in accordance with the FLSA.

54. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the Members of the Class who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

55. All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

56. As a result of the foregoing, Plaintiff and the Class have suffered damages.

***WHEREFORE***, Plaintiff demands:

(a) Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendants for an amount equal to the unpaid overtime wages of Plaintiff and of opt-in Members of the Class at the applicable overtime rate;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendants for an amount equal to the unpaid back wages of Plaintiff and of opt-in Members of the Class at the applicable overtime rate as liquidated damages;

(h) Judgment against Defendants, stating that their violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## COUNT II – CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434 (a)

57. Plaintiff realleges and readopts the allegations of paragraphs 1 through 40 of this Complaint, as though fully set forth herein.

58. By failing to provide Plaintiff with IRS Forms W-2 for all of the tax years during which he was employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to

Plaintiff as compensation for all of the hours that Plaintiff worked during the course of his employment with Defendants, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

59.  Under the Internal Revenue Code, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

**WHEREFORE**, Plaintiff demands:

(a) Costs attributable to resolving deficiencies, damages of $5,000.00 for Plaintiff, and damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction.

(b) That Defendants be ordered to take all the necessary steps to correct the information returns identified above.

(c) All costs and attorney's fees incurred in prosecuting these claims; and

(d) For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 5th day of November, 2021.

        Respectfully submitted,

        */s/ Donna Smith*

        _____
        **DONNA V. SMITH**
        Florida Bar Number: 0053643
        **DANIEL E. KALTER**
        Florida Bar Number: 1025094
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Direct Dial: (813) 386-0995
        Facsimile: 813-229-8712
        Email: dsmith@wfclaw.com
        Email: dkalter@wfclaw.com
        Email: rcooke@ wfclaw.com
        **Attorneys for Plaintiff**